UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SAFEWAY,<br><br>    Defendant. | Civil Action No. 20-2954 (JMC) |

### MEMORANDUM OPINION

Defendant Safeway moves to dismiss pro se Plaintiff Patrick Christian's complaint under Federal Rule of Civil Procedure 12(b)(6), which Christian opposes. ECF 8; ECF 10. For the reasons discussed below, the Court **GRANTS** Safeway's Motion and **DISMISSES** this case.

### I. BACKGROUND

Defendant Safeway is a supermarket chain that has stores in the District of Columbia. ECF 1 ¶ 3. According to his complaint, Christian had been a Safeway customer for over a year at the time that he filed this action, and bought oatmeal, cereal, cookies, soda, water, candy, and other Safeway "Signature Select" products from the store. *Id.* ¶¶ 3-4. He alleges that "[t]hese purchases cause[d] [him] to have a sore throat, flu-like symptoms, and/or blurred vision, which last[ed] over twenty-four hours." *Id.* ¶ 3. He further contends that prolonged use of Safeway's products cause "terminal illness and/or blindness." *Id.* ¶¶ 5-6. After "reasonable consideration" Christian determined that Safeway must have "maliciously adulterate[d]" these products (Count I), *id.* ¶¶ 4, 7, as well as "negligently" failed to prevent or to warn consumers of such adulteration (Count II), *id.* ¶ 9; violated the D.C. Food Code (and a host of other federal and state statutes) (Count III), *id.* ¶ 11; and "impliedly promised" and "authenticated" "that the products were in edible quality"

notwithstanding that the products "did not conform to the implied ingredients" (Counts IV and V), *id.* ¶¶ 13-17.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pro se complaint—"however inartfully pleaded"—is "held to less stringent standards" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, a pro se complaint must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678-79). The Court is not required to accept a plaintiff's inferences if such inferences are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A complaint that offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Safeway argues that the Court should dismiss Christian's complaint because it is "peppered with unadorned, the-defendant-unlawfully-harmed-me accusation[s]," that are insufficient to state a claim. ECF 8-1 at 5 (alteration in original, internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court agrees.

Christian's allegations are so deficient that they are implausible on their face. Nothing in the complaint supports Christian's conclusions that Safeway is poisoning its customers, tampering

with its products, or acting negligently. And Christian's failure to proffer any facts demonstrating that Safeway's conduct or products caused his claimed injuries is glaring. Even at the pleading stage, a negligence complaint must allege facts sufficient to establish that a defendant's conduct proximately caused the plaintiff's injuries. *See, e.g.*, *Briscoe v. United States*, 268 F.Supp.3d 1, 15-16 (D.D.C. 2017) (defining "proximate causation" as "that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred" and dismissing plaintiffs' negligence claim for their failure to plausibly allege that any breach of duty proximately caused their alleged injuries (citation omitted)); *see also, e.g.*, *Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 122 (D.D.C. 2011) (dismissing a complaint's product liability and failure-to-warn claims as "vague and conclusory" where the complaint stated, without additional factual support, that defendants sold a "product in a defective condition [that is] unreasonably dangerous to users and consumers . . ." (alteration in original, citation omitted)). Christian asserts that he "realize[d]" that over a dozen Safeway products caused him serious illness because Safeway did something (that Christian never specifies) to them, ECF 1 ¶¶ 3-5, but his allegations do not support such a leap. As pleaded, this Court cannot ascertain a direct, causal link between any Safeway conduct and Christian's ailments. Christian does not even allege when he consumed these items. Simply put: Christian's allegations are far too conclusory for his claims to proceed.

As for Christian's "malicious adulteration" accusations, the District of Columbia does bar the sale, exchange, and delivery of adulterated food. *See* D.C. Code Ann. § 48-101; *see also id.* § 48-103(2) (defining adulterated food). Christian provides no factual allegations to support his conclusion that Safeway tampered with its products, but the duty of enforcing this prohibition is the Mayor's alone, in any event. *See id.* § 48-104(a); (b); *see also id.* § 48-108.01 (listing Mayor's

3

enforcement options). Without a private right of action, Christian cannot challenge violations of the adulteration provisions of the D.C. Food Code in this Court.[1]

IV.     **CONCLUSION**

Because Christian's complaint fails to state a claim upon which relief can be granted, the Court **GRANTS** Safeway's motion to dismiss. A separate order accompanies this opinion.

DATE: February 24, 2022

_____
Jia M. Cobb
U.S. District Court Judge

---

[1] Christian's complaint, ECF 1 ¶ 11, invokes additional statutes, but those claims suffer from one or more of the following defects: the cited statutes provide no private right of action, i.e., 21 U.S.C. § 301; are out-of-jurisdiction state laws that would not govern this action, i.e., Va. Code Ann. §§ 3.1-386-3.1-419, Md. Code Ann., Transp. § 21-207; have been repealed, i.e., D.C. Code Ann. § 48-201; or otherwise bear no relation to the complaint's allegations, i.e., 15 U.S.C. §§ 2051-2089 (governing uniform safety standards for consumer products), 15 U.S.C §§ 1471-1477 (regarding special packaging of household substances to protect children), 21 U.S.C. §§ 601-626 (relating to inspection of meat).